THE UNITED STATES OF AMERICA, for the Use and Benefit of HIRAM SNYDER and WILLIAM H. HENDRICKSON, Respondent, v. WILLIAM H. HAZZARD and MARSHALL T. DAVIDSON, Appellants, Impleaded with Others.

*Sureties on a bond who are also, as such, parties of the first part to a contract with the United States — they are liable to one furnishing materials used, in the execution of the contract, after the time specified for the completion of the work — laches of the United States is not a defense — as to whom the relation of principal and surety exists.*

Where four parties entered into a contract with the United States, two of them as principals and two as sureties, as the parties of the first part thereto, and the two therein named as sureties also executed a bond conditioned that the contractors would " promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in the aforesaid contract," the sureties are liable to suit, under chapter 280 of the United States Statutes at Large of 1894, by parties furnishing materials used in the construction, under such contract, of a quay wall at the Brooklyn Navy Yard, although such materials were not furnished until after the expiration of the time specified in the contract for the doing of the work.

The fact that the United States did not insist upon the fulfillment of the contract according to its terms constitutes no defense to such an action.

*It seems,* that while a contract which describes a firm of contractors as principals and other parties of the first part thereto as sureties, establishes, as between such parties, the relation of principal and surety, yet as to the party of the second part, the sureties are liable as principals.

APPEAL by the defendants, William H. Hazzard and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 2d day of February, 1900, upon the verdict of a jury; also from an order, bearing date the 29th day of January, 1900, and entered in said clerk's office, denying their motion for a new trial made upon the minutes, and also from an order, bearing date the 9th day of February, 1900, and entered in said clerk's office, denying their motion to amend the said judgment.

*H. C. M. Ingraham,* for the appellant Hazzard.

*Alexander Cameron,* for the appellant Davidson.

*Howard A. Sperry,* for the respondent.

WOODWARD, J.:

The defendants Stratford and Hawkes are the surviving members of the firm of Stratford, Hawkes & Co. This firm, on the 4th day of January, 1895, as principals, with Hazzard and Davidson as sureties, constituting the party of the first part, entered into a contract with the United States, as party of the second part, for the construction of a quay wall in the United States navy yard at Brooklyn. By the terms of the contract the party of the first part was to " provide, furnish and deliver, at their own risk and expense, at such place or places at the U. S. Navy Yard, Brooklyn, New York, within one hundred and seventy-eight days from the date of this contract, all the necessary materials and labor, tools and appliances for the construction and completion, in all respects, of construction of Quay Wall," etc. On the same date of the contract Stratford, Hawkes & Co., as principals, and W. H. Hazzard and Marshall T. Davidson, as sureties, entered into a bond in the penal sum of $5,000 for the performance of this contract on the part of Stratford, Hawkes & Co., and it was further conditioned that Stratford, Hawkes & Co. should " promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in the aforesaid contract."

The plaintiff's beneficiaries, Snyder and Hendrickson, sold cement to the contractors, the price of which was not paid, and this action was brought against the sureties, Hazzard and Davidson, under the special authorization given by the United States Statutes at Large for the year 1894, chapter 280 (Vol. 28, p. 278), which permits a materialman to bring suit in the name of the United States, but for his own benefit, against both contractors and sureties, for materials furnished for the prosecution of public works. Upon the trial of the action the defendants contended that as the cement was furnished after the expiration of the time limited by the contract for the completion of the work, the sureties were not liable. It was also urged that some part of the cement was not used in the work done under the provisions of the contract, but was for extra work performed outside of the contract. This question was submitted to the jury, resulting in a verdict for the full amount of the claim. From the judgment entered, and from the order denying a motion for a new trial, appeal comes to this court.

It is here urged that the defendants Hazzard and Davidson are sureties merely, and not principals to the contract; that the express statement in the contract that they are sureties fixes their character; but we are of opinion that while it establishes their relations as between the parties of the first part, it does not limit their responsibilities in so far as the plaintiff is concerned.    In *Visitation Convent* v. *Kleinhoffer* (76 Mo. App. 661) it was held that, " although parties to one part of a contract, as among themselves, may sustain the relation of principal and surety, yet as to the parties to the other part of said contract, where by their written agreement they bound themselves as principals, they will be held as principals."    The bond was given for the protection of " persons supplying him or them labor and materials in the prosecution of the work provided for in the aforesaid contract," and the fact that the United States did not insist upon the fulfillment of the contract made by these defendants as party of the first part in the contract, does not give them any right to defraud the plaintiff's beneficiaries out of the value of the materials furnished for work under the contract.    The bondsmen in this case were parties to the contract for the construction of this work, and they could not take advantage of a default on their part, or on the part of the firm which was to do the work, to deprive plaintiff's beneficiaries of their rights under the law.    The contract called for the completion of the work within a given time, and the bond given undertook to secure performance of the contract in all its details.    But the bond went further than this, and undertook to provide that the contractors " shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in the aforesaid contract."    The fact that the contractors failed to perform on time, thus becoming liable to the penalty of the bond, did not affect the provision of the bond to secure the payment for materials and labor furnished in the work, and as to this provision of the bond there was no limit of time.    The only question under this provision of the bond was whether the material was furnished in " the prosecution of the work provided for in the aforesaid contract."    If it was, and the jury have passed upon this point, then the sureties are liable.    The fact that the sureties were also parties to the contract for construction makes it peculiarly inappropriate that they should seek relief from the obligation

of their bond because they have themselves delayed the purchase of materials and the completion of the work beyond the period stipulated in the contract.

The judgment and order appealed from should be affirmed, with costs.

All concurred, except JENKS, J., taking no part.

Judgment and order affirmed, with costs.